# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THE HUNTE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-9005-MC-S-RED |
| | ) | |
| MARTINELLI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Non-Party The Hunte Corporation's Motion to Quash Subpoena and/or for a Protective Order (Doc. 1). After careful consideration, the Court **GRANTS in part** and **DENIES in part** the Motion (Doc. 1).

## BACKGROUND

On March 16, 2009, six plaintiffs (the "Plaintiffs") filed a class action in the United States District Court for the District of Arizona against Petland, Inc. ("Petland") and The Hunte Corporation ("Hunte"). Petland allegedly was purchasing puppies from puppy mills while representing that its puppies were happy, healthy and from reputable breeders.

The Arizona District Court dismissed the claims against Hunte in part because "[t]he oral representations that influenced the purchase decisions of [the two remaining plaintiffs] were made by Petland, not Hunte." After dismissing Hunte, the court held a Case Management Conference. In ruling that discovery would be bifurcated, the court ordered that:

> A. Discovery related to class certification shall be completed by July 30, 2010. Class certification discovery shall focus on proximate cause issues.
> B. Defendant may depose the two named Plaintiffs as part of class discovery and may serve a reasonable number of document requests.
> C. Plaintiffs may serve up to 20 document production requests and 20 interrogatories, including subparts, on Defendant. Plaintiff may serve up to 10 Rule 45

subpoenas on third parties. Plaintiffs may conduct seven depositions, allocated among Defendant and third-party witnesses at Plaintiffs' counsel's discretion.

When limited discovery began, this Court issued a subpoena to Hunte. In the subpoena, Plaintiffs made 65 requests for documents, demanded to inspect Hunte's facilities, and demanded that Hunte produce a corporate representative for a deposition. Hunte argues the subpoena should be quashed because Plaintiffs did not tender witness fees, the subpoena imposes an undue burden, and the subpoena seeks privileged information.

## DISCUSSION

### A. WITNESS FEES

Hunte argues quashing the entire subpoena is proper because Plaintiffs did not tender fees, as required by Rule 45. Rule 45(b)(1) in part provides, "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Because Plaintiffs indicate they are willing to tender the appropriate fee upon Hunte's designation of a corporate representative, this ground is without merit. If Plaintiffs fail to tender the appropriate fee within a reasonable time after Hunte designates a corporate representative, Hunte shall so inform this Court.

### B. UNDUE BURDEN

Hunte argues the subpoena imposes an undue burden because 1) Plaintiffs' 65 document requests are excessive and cannot be completed in the time allotted; 2) Plaintiffs' requests are not related to proximate cause; and 3) the cost of compliance is excessive. Courts are required to quash or modify a subpoena that 1) "fails to allow a reasonable time to comply," or 2) "subjects a person to an undue burden." Fed. R. Civ. P. 45(c)(3)(A). "The burden of proving that a subpoena is oppressive is on the party moving to quash and is a heavy one." *Heat and Control, Inc. v. Hester*

*Indus., Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986).

1. THE SUBPOENA NO LONGER PLACES AN UNDUE BURDEN ON HUNTE BECAUSE PLAINTIFFS HAVE DECREASED THE NUMBER OF DOCUMENT REQUESTS TO 25.

Hunte argues the subpoena should be quashed because it propounded 65 document requests and asked for a complete response in two weeks. However, Plaintiffs have rescinded 40 of their document requests. As discussed below, all but one of the remaining requests are relevant and tailored to proximate cause issues. Accordingly, the Court finds complying with the remaining requests will not be unduly burdensome simply due to the number of requests.

2. NEARLY ALL OF THE REMAINING REQUESTS ARE TAILORED TO THE ISSUE OF PROXIMATE CAUSE.

Hunte argues the document requests exceed the scope of limited discovery. The Arizona District Court specifically limited discovery to proximate cause issues. The court stated limited discovery would encompass "what was said to individual members of the class, either in writing or on a computer or orally, and did they rely upon it or not, and was the loss they suffered . . . caused by [Petland]." While this Court did not issue the limited discovery order, it appears that the following would be relevant to proximate cause. First, whether Petland's puppies originated from reputable breeders or puppy mills. Second, the communications between Petland and Hunte showing whether Petland required that puppies be from reputable breeders. Third, whether Petland visited Hunte's facilities or otherwise investigated to verify the origin of the puppies it obtained from Hunte.

The Court finds that all but one of the remaining document requests and an inspection of Hunte's facilities are relevant to these issues. The Court finds Request No. 38 irrelevant and outside the scope of limited discovery. The request asks for "all documents reflecting any communications

between [Hunte] and the Missouri State Legislature or the U.S. Congress concerning regulations for pet handling, care, treatment, breeding and/or records management." Documents requesting legislation are simply not relevant to the issue of proximate cause. Accordingly, Hunte need not comply with Request No. 38.

    3.    THE COST OF COMPLYING WITH THE SUBPOENA IMPOSES AN UNDUE BURDEN ON HUNTE.

Hunte argues the subpoena should be quashed because of the amount of resources, including time and money, Hunte will be forced to expend if this Court upholds the subpoena. Rule 45(c)(1) requires a party who issues and serves a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The issuing court is required to enforce this duty. Fed. R. Civ. P. 45(c)(1). Hunte is a non-party in the underlying litigation. Accordingly, the Court finds it appropriate to shift all reasonable and necessary costs Hunte incurs in complying with the subpoena to Plaintiffs.

**C.**    **PRIVILEGED INFORMATION**

Hunte argues the subpoena should be quashed because it seeks trade secrets and other proprietary information. Courts are required to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A). A court may quash or modify a subpoena that requires disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B). Hunte's argument is without merit because there is a confidentiality order in the underlying action. If Hunte believes it necessary, this Court is willing to adopt the underlying confidentiality order or consider a new proposed confidentiality order.

Hunte also asserts that the subpoena seeks information that is privileged under the Missouri

Veterinarian-Client Privilege Law. What Hunte overlooks is that the statute has a specific exclusion for information sought through a subpoena: "no veterinarian . . . shall be required to disclose any information concerning the veterinarian's care of an animal, except on written authorization or other waiver by the veterinarian's client or on appropriate court order or *subpoena* or as may be required to ensure compliance with any other federal or state law." MO. REV. STAT. § 340.286(1) (2010) (emphasis added). Therefore, that statute does not provide a basis for quashing the subpoena to the extent it seeks veterinarian documents.

## CONCLUSION

The Court grants in part and denies in part Hunte's Motion. Plaintiffs' subpoena is quashed as to the 40 document requests they rescinded and as to Request No. 38. Plaintiffs shall bear all reasonable and necessary costs Hunte incurs in complying with the subpoena. The Court denies Hunte's request for attorneys' fees.

**IT IS SO ORDERED.**

DATED: November 19, 2010      */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT